UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN JARVIS JEROME
PHILLIPS,

     Plaintiff,

v.

REGIONAL MANAGED
ASSIGNED COUNSEL OFFICE,
*et al.*,

     Defendants.

_____ /

Case No. 26-10300

F. Kay Behm
U.S. District Judge

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN
FORMA PAUPERIS (ECF No. 2) AND SUMMARILY DISMISSING
<u>PLAINTIFF'S COMPLAINT IN PART (ECF No. 1)</u>**

## I.    PROCEDURAL HISTORY

Plaintiff Justin Phillips[1] filed this action on January 6, 2026,

alleging, broadly, that he was represented by appointed counsel in

multiple state court criminal cases or other actions.  But the quality of

representation by appointed counsel and those assigned by the regional

assigned counsel office allegedly fell below an acceptable standard,

---

[1] Phillips appears to be a prolific filer in this district over the last several months.  *See* Case Nos. 26-cv-10037, 26-cv-10039, 26-cv-10224, 25-cv-14149, 26-cv-10560, 26-cv-10335, 26-cv-10299, 26-cv-10357.  Plaintiff did not identify any as companion cases.

resulted in a "structural denial" of his right to counsel, and caused Phillips to be sentenced to a short length of incarceration, to pay fines, and to perform community service. *See* ECF No. 1. Plaintiff filed an application to proceed *in forma pauperis*, which the court finds facially sufficient on its face and in light of his apparently indigent status in other court proceedings. *See* ECF No. 2. The court thus **GRANTS** Plaintiff's application to proceed *in forma pauperis* (ECF No. 2). However, for the reasons set forth below, the court **DISMISSES** Plaintiff's Complaint **IN PART** for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e) against all Defendants except for RMACO.

## II.   ANALYSIS

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*,

490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

Plaintiff Phillips brings claims under § 1983 as to all of the following Defendants: the Regional Managed Assigned Counsel Office (RMACO), City of Dearborn, Michael McCarthy, Michael McCarthy P.C., Teresa Arlaina Patton, Rachel Leona McRipley, Jeremy Joseph Romer, Ruch C. Carter, Marilyn J. Clay, and Falisa Echols.

**A.      Individual Defendants**

McCarthy, Patton, McRipley, Romer, and Carter are all listed as lawyers in the complaint who work for RMACO.  ECF No. 1, PageID.1. RMACO is an entity that provides indigent defendants with counsel. *See Jaber v. 35th Dist. Court*, No. 24-cv-10790, 2025 LX 427629, at \*3 (E.D. Mich. Sep. 19, 2025) ("RMACO is a nonprofit entity that manages the assignment, coordination, and supervision of public defenders in Wayne County.").  McCarthy allegedly directly represented Phillips in state court proceedings; the rest of these named individual defendants are only tangentially related to Phillips' claims.  Patton and McRipley are directors of RMACO, and Romer and Carter "implemented and enforced" RMACO's policies.  ECF No. 1, PageID.2.  McCarthy was appointed through RMACO.

4

Phillips raises a number of issues with the quality of McCarthy's representation of him.  ECF No. 1, PageID.3 ("Counsel did not review available exculpatory video, audio recordings, electronic communications, or email evidence, despite Plaintiff's repeated identification of such materials and their relevance to the defense."); *id.* at PageID.4 ("McCarthy, appointed through RMACO as appellate counsel, failed to communicate with Plaintiff, failed to investigate appellate issues, and failed to timely secure or transmit transcripts across multiple Third Circuit Court appellate matters.").  McCarthy "failed to maintain contact[] and failed to notify Plaintiff" of the status of his case.  *Id.* at PageID.7.  McCarthy "did not provide timely updates" nor "inform Plaintiff of filings, transcript status, or deadlines[.]"  *Id.*  Plaintiff says his RMACO-appointed attorneys in general "failed to investigate, failed to seek or review exculpatory evidence, and failed to meaningfully consult with Plaintiff."  *Id.* at PageID.3.  They "refused to authorize or fund" forensic analysis that Plaintiff says would have been exculpatory.  *See id.* at PageID.5.  These failures, in his view, left him "nominally represented but substantively unrepresented."  *Id.* at PageID.4.  Phillips essentially charges RMACO and those who in fact

represented him with "a continuing pattern of state-enabled attorney abandonment and obstruction of investigation." *Id.* at PageID.4. And as a result of the quality of his representation, he was sentenced to a short time in custody, fines, and community service. *Id.* at PageID.8-9.

Even taking Plaintiff's account as true, however, it is well-settled that a defense attorney, regardless of whether he is an appointed public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). The same goes for Michael McCarthy P.C., which is not transformed into a state actor by virtue of its representation of Plaintiff.

No exception to that application of the state action doctrine is relevant here. *See Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 612 (6th Cir. 2007) (noting that an exception can occur when a

6

public defender performs "certain administrative and possibly investigative functions").  Plaintiff does not allege any wrongdoing by individual counsel except in their capacity as counsel and their alleged failure to communicate with him, to advance certain defense strategies, to familiarize themselves with his case, and to make certain arguments on his behalf.  That activity (or inactivity) falls well within the lawyer's "traditional function as counsel." *See Polk Cnty.*, 454 U.S. at 325; *compare Jaber v. 35th Dist. Court*, No. 24-cv-10790, 2025 LX 427629, at *46 (E.D. Mich. Sep. 19, 2025) (finding RMACO defendants were state actors in their capacity as employers or while performing administrative tasks associated with the employment of plaintiff public defender); *Polk Cty.*, 454 U.S. at 325 (1981) (citing *Branti* v. *Finkel*, 445 U.S. 507 (1980)) (noting that a public defender may be amenable to suit under § 1983 as a state actor "when making hiring and firing decisions on behalf of the State").  For their activity as defense counsel, McCarthy (or any other individual who directly represented Plaintiff) were not state actors and are not liable under § 1983.

However, while that analysis covers McCarthy, the allegations against some of these individual defendants – Patton, McRipley, Romer,

7

Carter, Clay, and Echols – mostly work a little differently. The allegations against Patton and McRipley, for example, are that they "served as RMACO Directors and policymakers." ECF No. 1, PageID.2. "Defendants Romer[ and] Carter,. . . implemented and enforced RMACO policies." *Id.* Clay and Echols, who are is not listed as lawyers, likewise "implemented and enforced RMACO policies." *Id.* These allegations all sound in official capacity claims against these individuals – in other words, Phillips' claims against these individuals are best construed not as claims against these individuals but as claims sounding in an alleged unconstitutional policy and practice implemented by RMACO as an entity of Wayne County or the City of Dearborn while engaged in state action, which (as further explained below) is one single municipal liability claim. Phillips alleges, for example, that "RMACO leadership, including Teresa Arlaina Patton and Rachel Leona McRipley, were aware through internal appeals and complaints that counsel was not performing essential functions yet failed to intervene or replace counsel." ECF No. 1, PageID.5. He alleges that he spoke with McRipley on at least one occasion, who directed him to follow up with another attorney with his concerns, but that attorney never followed up

8

with him.  *Id.* at PageID.11.  These acts speak to Patton and McRipley's role as individuals with alleged final policymaking authority on behalf of RMACO, in other words, claims against them in their official capacities, not claims against them in their individual capacities.  *See id.* ("McRipley, *acting on behalf of RMACO . . .* took no action to delay proceedings, replace counsel, or otherwise intervene.") (emphasis added).[2]  A claim against employees of a municipality in their official capacities is effectively a claim against the municipality itself.  *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016).  So the claims against Patton, McRipley, Romer, Carter, Clay, and Echols, are all properly understood to be part of Plaintiff's *Monell* claim brought against RMACO, which will be further addressed below.

All of Plaintiff's claims against McCarthy and Michael McCarthy P.C., and any claim against the named individual defendants in their individual capacities, on the other hand, are dismissed for failure to state a claim.

## B.    *Monell* Liability

---

[2] Or, as far as this might be liberally construed as a claim against McRipley in her individual capacity as an attorney who in some sense represented him and owed him a duty of representation, McRipley was not a state actor in that capacity, as has been explained.

That leaves Plaintiff's claims against the City of Dearborn for municipal ("*Monell*") liability, and his allegations against RMACO itself, which likewise functions as a municipal liability claim against RMACO. *See Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 606, 611 (6th Cir. 2007) (analyzing a claim against the municipal Public Defender Office under the *Monell* framework, and concluding the Office was capable of being sued under § 1983 for an unconstitutional policy or custom). It is proper to consider possible constitutional violations committed by a municipal entity even in the absence of a showing of a constitutional violation by an individual officer. *Grote v. Kenton Cty.*, 85 F.4th 397, 414 (6th Cir. 2023).

> i. *City of Dearborn*

Plaintiff's claims against the City of Dearborn are as follows:

> 6. Defendant City of Dearborn is a municipal funding unit participating in RMACO operations.
>
> . . .
>
> 56. RMACO and the City of Dearborn maintained policies that were the moving force behind constitutional injury.

ECF No. 1, PageID.2, 12.

10

To hold a municipality liable, it is not enough to show that a municipal employee violated someone's rights; there is no *respondeat superior* municipal liability under § 1983. *Crabbs v. Scott*, 800 F. App'x 332, 336 (6th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff makes no non-conclusory allegations that the City of Dearborn has a custom, policy, or practice of engaging in the kind of acts he alleges here. At most, he says that the City of Dearborn is the "moving force" behind his injury, and that it "participates" in RMACO operations. But in these conclusory statements, he alleges no specific custom, policy, or practice, nor any particular act of ratification. Plaintiff's claims, as alleged, are about specific complaints with the quality of his representation provided by RMACO, but absent any factual allegations regarding broader policy, custom, practice, or act of ratification, sound in the sort of *respondeat superior* liability that is disallowed under *Monell*. Therefore, the allegations brought specifically against City of Dearborn – as far as there are allegations separate from the RMACO allegations – fail to state a claim. And as far as the City of Dearborn may be the municipality that RMACO effectively stands in the shoes of, the claims against the City of Dearborn in that capacity

11

can simply be dismissed as duplicative, because the claims against

RMACO are in effect against the relevant municipality itself. *See*

*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (noting a suit

against a municipal sub-entity such as a police department is in effect a

suit brought against the municipality). The claims against City of

Dearborn are therefore dismissed for failure to state a claim, or in the

alternative are dismissed as duplicative of the *Monell* claim against

RMACO.

        *ii.*    *RMACO*

The claims against RMACO, as the core of his complaint, merit a

more complete analysis and survive this initial review. Plaintiff does

not list any specific "*Monell*" claims against RMACO, but as explained

above, he does list many factual allegations which place at issue

allegedly unconstitutional policies, acts of ratification by persons with

final decision-making authority, or acts by persons allegedly acting

pursuant to an unconstitutional custom, policy, or practice. Liberally

construed, these set out a municipal liability claim against RMACO.

For example:

> 8. Defendants Pattern and McRipley served as
> RMACO Directors and policymakers.

12

9. Defendants Romer, Carter, Clay, and Echols implemented and enforced RMACO policies.

. . .

14. Plaintiff filed supplemental motions and notices in Third Circuit Court, Livonia, and similarly in the prior 34th District Court documenting abandonment, missed deadlines, and lack of investigation, placing RMACO leadership on actual notice.

15. Despite this notice. RMACO refused to authorize or fund Speckin Forensics, even though forensic analysis of electronic location and communication data was completed and exculpatory.

16. The refusal was not based on individualized assessment but reflected a blanket policy . . .

. . .

18. RMACO leadership, including Teresa Arlaina Patton and Rachel Leona McRipley, were aware through internal appeals and complaints that counsel was not performing essential functions yet failed to intervene or replace counsel.

. . .

21. In [other] cases, RMACO-assigned counsel likewise failed to investigate, seek expert assistance, consult Plaintiff, or advance defenses despite repeated objections.

. . .

23. RMACO's inaction reflected a pattern of inadequate monitoring, tolerance of prolonged inactivity, and refusal to fund investigation even after documented complaints.

. . .

27. These policies were the moving force behind Plaintiff's injuries, including structural denial of counsel. . . .

. . .

47. Collectively, these actions and omissions demonstrate a continuing policy-tolerated practice of assigning counsel as placeholders rather than advocates, failing to hold appointed attorneys accountable at critical phases, and allowing foreseeable incarceration, medical harm, and financial coercion to occur . . .

. . .

52. McRipley, acting on behalf of RMACO, knew or should have known that Plaintiff had not received meaningful consultation or advocacy prior to the January 14, 2026 hearing, yet took no action to delay proceedings, replace counsel, or otherwise intervene. . . .

ECF No. 1, PageID.4-12.

In short, he alleges that RMACO has a "blanket policy" of refusing to seek out investigative services or perform the "essential functions" of counsel.

14

The court considers, and does not accept as dispositive at this preliminary stage, two potential problems with this *Monell* claim. First, these alleged constitutional infirmities, although styled as a municipal liability claim, would seem to fall within the scope of an "ineffective assistance" of counsel claim that must first be pursued on direct appeal or through habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  A claim of ineffective assistance of counsel leading to an improper conviction necessarily implies that the conviction was obtained in violation of the Sixth Amendment, and such convictions are invalid.  *See Carnley v. Cochran*, 369 U.S. 506, 517 (1962).  A favorable decision in this case, based on what is essentially a claim of ineffective assistance, would necessarily imply the invalidity of his state conviction.  Phillips would ordinarily have to comply with the favorable-termination requirement (that he first obtain a favorable judgment in his state proceeding) to pursue this kind of § 1983 claim. *See Heck*, 512 U.S. at 487.  Although it is possible that Phillips meets

15

that favorable-termination requirement,[3] he seems to have been convicted and served a custodial sentence.  *See* ECF No. 1, PageID.10.

This case also does not involve, as would be an exception to *Heck*'s rule, a challenge to the collateral procedures that led to his incarceration rather than the fact of the incarceration itself.  *Compare Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 605 (6th Cir. 2007) (plaintiff did not need to comply with the favorable termination requirement where he challenged only the lack of indigency hearing, which did not necessarily imply the invalidity of his convictions).  However, *Powers* set out a different exception to *Heck* that is relevant here: the favorable termination requirement may not apply to a plaintiff who was imprisoned for such a short time that there was no opportunity to obtain habeas review of his incarceration.  *See Powers*, 501 F.3d at 603.  In *Powers*, the plaintiff was only incarcerated for one day, and so had no opportunity to seek habeas relief – *Heck*'s general requirement of having sought that relief was therefore no bar to the plaintiff's subsequent § 1983 claims.  *See id.* at 601.  Here, Phillips alleges he was

---

[3] It is possible, from the face of Plaintiff's complaint, that his appeal was successful and he in fact meets the favorable termination requirement.  *See* ECF No. 1, PageID.2 ("Case 22-0677 was dismissed in Plaintiff's favor on January 29, 2024.").

16

sentenced to only nine days of incarceration, ECF No. 1, PageID.8-9, and presumably could be entitled to the protection of that exception to the favorable termination requirement.  *See also id.* at PageID.10 (indicating Phillips may have only served two days total).

Second, the court notes that the conduct Phillips complains of as to each individual lawyer falls within a lawyer's "traditional functions," which would ordinarily not qualify as state action.  But again *Powers* seems to offer Plaintiff a potential escape hatch, because that court held that when the conduct complained of is a policy or custom with the imprimatur of administrative approval of the state, the conduct at issue may become "administrative" in character and cognizable as a municipal liability claim.  *See Powers*, 501 F.3d at 612; *cf. Polk Cty.*, 454 U.S. at 326 (finding no *Monell* claim when plaintiff did not identify an impermissible policy under which counsel's conduct might have occurred).

Phillips' *Monell* claim for unconstitutional policies, customs, or practices against RMACO therefore survives this preliminary review.[4]

---

[4] No party, nor the Magistrate Judge assigned to this case, should read this order to conclusively rule on the merits of his *Monell* claim at the motion to dismiss stage; the court here simply views his complaint as sufficiently pled to require

17

The remaining claims against the individual RMACO defendants in their official capacities, however, are dismissed as duplicative of the municipal liability claims against RMACO.  *See Pineda v. Hamilton Cty.*, 977 F.3d 483, 494 (6th Cir. 2020) (stating that a suit against individual defendants in their official capacities is "analogous to a suit against the local entity."); *Rideout v. Shelby Twp.*, 691 F. Supp. 3d 816, 828 (E.D. Mich. 2023) ("Courts within the Sixth Circuit consistently dismiss official-capacity claims against municipal officials that are duplicative of claims asserted by the plaintiff against the municipal entity itself.").

### C.    Other Possible Defendants

Phillips mentions several other RMACO attorneys in his complaint, some of whom appear to have been far more involved in his representation than some of the named defendants.  *See* ECF No. 1, PageID.11 (factual allegations involving "Alex Green IV" and "Peter Vince Granata").  But Plaintiff did not name these individuals as Defendants.  And in any case, as individual employees of RMACO, the

---

further factual development and requiring more fact-intensive analysis that would benefit from the presentation of adversarial briefing.

18

same state action analysis would apply as in Part II.A as to those individual defendants (rather than RMACO/municipality itself).

Phillips also mentions allegations against "custodial authorities" who "failed to identify and inventory" his respiratory equipment during his incarceration, but whom he also did not name in his complaint. *See* ECF No. 1, PageID.13. These allegations, too, appear to sound for purposes of this case only in his appointed counsel's "fail[ure] to notify courts or custodial authorities or seek protective relief" on his behalf, which are either part of his *Monell* claim or fail against the individual named defendants for the reasons explained above. *See* ECF No. 1, PageID.13.

## III.  CONCLUSION

In sum: while Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, his complaint is **DISMISSED IN PART** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted as to City of Dearborn, Michael McCarthy, Michael McCarthy P.C., Teresa Arlaina Patton, Rachel Leona McRipley, Jeremy Joseph Romer, Ruch C. Carter, Marilyn J. Clay, and Falisa Echols. His municipal liability claims against the Regional Managed Assigned

Counsel Office (RMACO) remain.  This is not a final order and does not

close the case.

     **SO ORDERED**.

Date: March 4, 2026                    <u>s/ F. Kay Behm</u>
                                              F. Kay Behm
                                              United States District Judge