UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN JARVIS JEROME
PHILLIPS,

      Plaintiff,

v.

REGIONAL MANAGED
ASSIGNED COUNSEL OFFICE,

      Defendants.

_____ /

Case No. 26-10300

F. Kay Behm
U.S. District Judge

## ORDER DISMISSING CASE FOR FAILURE TO COMPLY AND FAILURE TO PROSECUTE

Plaintiff Justin Phillips filed this action on January 27, 2026, alleging, among other things, a municipal liability claim against the Regional Managed Assigned Counsel Office (RMACO) regarding their policies and practices of representing indigent defendants, resulting in structural denial of the right to counsel.  ECF No. 1.  The court granted Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), but dismissed portions of Plaintiff's Complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).  ECF No. 8.  The municipal liability claim against RMACO survived the court's initial screening, but the court ordered that Plaintiff complete the

1

service documents to effect service in this case, which was entered on March 4, 2026. ECF No. 10.  Plaintiff was given 14 days from entry of that order to complete the service documents, but no response has been received.

When dismissing a case for failure to prosecute, the court should consider: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  In this case, there is no specific prejudice to the Defendants because none has been served, and Plaintiff was not specifically warned that failure to comply could lead to dismissal.  However, the fault for failure to file the service documents lies solely with Plaintiff, the court cannot order service absent completed summonses that include the address of the recipient, and the court gave Plaintiff extra time to turn in these documents before entering this order.  Under the circumstances, there

is no lesser sanction available.  This case is therefore dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**SO ORDERED**.

Date: March 30, 2026

s/ F. Kay Behm
F. Kay Behm
United States District Judge